## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |  |
|---|---|---|---|
| 1. | **LEONARD A. JACKSON, AND** | ) | |
| 2. | **JACKSON'S WRECKING,** | ) | |
| | | ) | |
| | **Plaintiffs,** | ) | |
| **v.** | | ) | **CIV-13-** 1039-D |
| | | ) | |
| 1. | **THE CITY OF ENID, and** | ) | |
| 2. | **TOBY PRITCHETT, in his** | ) | |
| | **official and individual capacity as** | ) | |
| | **Director of Code Enforcement,** | ) | |
| | | ) | **JURY TRIAL DEMANDED** |
| | **Defendants.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW THE PLAINTIFFS**, Leonard Jackson and Jackson's Wrecking, and

for their Complaint against the above-named Defendants, alleges and states as follows:

### PARTIES

1.      The Plaintiffs are:

a) Leonard Jackson, an African American adult male residing in Garfield

County, Oklahoma.

b) Jackson's Wrecking, a sole proprietorship conducting business in Garfield

County, Oklahoma.

2.      The Defendants are:

a) The City of Enid, a governmental entity doing business is Garfield County

(hereinafter referred to as the "City"); and

b) Toby Pritchett, an individual employed as the Director of Code Enforcement

for the City of Enid working in Garfield County at all times relevant hereto.

### JURISDICTION AND VENUE

3.      Plaintiff's causes of action are based on (1) race discrimination, racial

1

harassment, the creation of a racially hostile work environment, interference with contracts and retaliation prohibited by 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; (2) violation of Plaintiff's Fourteenth Amendment constitutional right to substantive due process made actionable by 42 U.S.C. § 1983; (3) defamation; and (4) interference with a contractual relationship.

4.     Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.   This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5.     The actions complained of herein occurred in Garfield County, Oklahoma and Defendants may be served in said county.  Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6.     Mr. Jackson, who is African American, is the sole proprietor of Jackson's Wrecking.  Mr. Jackson began contracting with the City in or around January 1980 for demolition services.  For many decades, he consistently contracted with the City for demolition and removal of debris without any issue.

7.     In or around 2010, Toby Pritchett, a White male, became the City's Director of Code Enforcement. Since that time, Mr. Pritchett has treated Mr. Jackson and other African American contractors less favorably than White contractors.

8.     Particularly, shortly after Mr. Pritchett became the Director of Code Enforcement, the City began denying Mr. Jackson's bids for various work.  Significantly, however, his bids were the lowest cost.  Mr. Pritchett instead gave the bids to T&J Demolition, a new company owned and operated by White individuals.

2

9.    Further, when contacted by third party companies seeking permits for demolition, Mr. Pritchett often only referred them to T&J Demolition.

10.    In addition, Mr. Pritchett regularly used racial slurs in the presence of Plaintiff when referring to Black individuals.  Particularly, in or around October 2011, Mr. Jackson met with Mr. Pritchett at a house in Enid to discuss a demolition job.  Mr. Pritchett made several racially derogatory and offensive comments, including but not limited to a statement that the house looked trashy and that it "look[ed] like nig***s have been living [t]here."

11.    In or around November 2011, Mr. Pritchett called the police to one of Mr. Jackson's demolition sites to arrest Mr. Jackson.  Mr. Jackson was not at the site at the time. When Mr. Jackson arrived, Mr. Pritchett stated that he had called the police because he heard some "spooks" were taking things from the church, in reference to Mr. Jackson's employees, who were Black.

12.    Mr. Jackson reported Mr. Pritchett's offensive behavior to Eric Benson (who is White), the City Manager.  However, no action was taken.

13.    In or around June 2012, Mr. Jackson tried to submit a bid for work, however, the code enforcement office accepting the bids closed early, thus making it impossible for Mr. Jackson to submit the bid before the deadline.  Mr. Jackson returned to the office the following morning to explain the situation.  In doing so, he was yelled at by City Attorney Andrea Springer, who insisted that Mr. Jackson submitted his bid untimely.  Ms. Springer's voice was raised to the point that another City employee came to her office to see if there was a problem.  Mr. Jackson's bid was thereafter rejected by Mr. Pritchett.

14.    In or around November 2012, Mr. Jackson contacted Mr. Pritchett to find out why he had not yet received a bid sheet for upcoming projects.  Mr. Pritchett informed Mr. Jackson that he was no longer eligible for City contracts.  On or about November 20, 2012,

Mr. Jackson received a letter from Ms. Springer stating the reason he was ineligible was because he had allegedly buried debris at a job site.

15.     Prior to this notification from Ms. Springer, Mr. Jackson had not been contacted about the alleged debris, nor was he given an opportunity to determine if he had actually worked on this particular demolition site. The job on which the City alleged Mr. Jackson buried debris was supposedly demolished in or around November 2010.   In November 2010, Mr. Jackson contracted with the City to clear and haul off a structure at 221 W. Oklahoma in Enid, leaving the remaining structures surrounding the property intact. The property passed inspection by Mr. Pritchett after the debris was removed to a designated dump, and Mr. Jackson turned in his dump receipts to the City as required.   The other structures around the site were later demolished by the property owner or other demolition crews.  Such structures contained similar materials to the structure Mr. Jackson demolished.

16.     Before Mr. Jackson was sent the November 20, 2012 notice, the City paid for another company to clear the buried debris.  And, in addition to refusing to contract with Mr. Jackson, the November 20, 2012 letter demanded payment of $13,369.00 for the cost of clearing of 149 tons of debris.  Mr. Jackson was initially paid approximately $2,600.00 to clear one small structure, a residential home, from the property.

17.     Significantly, T&J Demolition was recently cited by the Oklahoma Department of Environmental Quality ("DEQ") for illegal dumping on a City of Enid demolition projection. The City was on notice of this violation.  However, the City continues to contract with T&J Demolition.

18.     Mr. Jackson has been told by his other customers that Mr. Pritchett has made statements to them that they should not be using Jackson's Wrecking for demolition services. For instance, Mr. Pritchett told a customer that the City no longer uses Mr. Jackson's services

4

because he buries debris and does not perform his job well.

19.    As a direct and proximate result of the Defendants' actions, Mr. Jackson has suffered damages as described below.

**COUNT I**
**42 U.S.C. § 1981**

For the first cause of action against, Plaintiffs incorporate all prior allegations and further alleges and states as follows:

20.    This Count is asserted by both Plaintiffs.

21.    This Count goes against Defendants City and Pritchett.

22.    The matters alleged above constitute violations of 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991 in the nature of race-based discrimination, harassment, interference with ability to enter into contracts and retaliation, which has affected Plaintiffs' ability to conduct business in both tangible and intangible aspects of the job.

23.    As damages, Plaintiffs have suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

24.    Because the actions of the individual Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiffs' rights, Plaintiffs are entitled to punitive damages.

**COUNT II**
**Substantive Due Process**

For the second cause of action, Plaintiff Jackson incorporates all prior allegations and further alleges and states as follows:

25.    This Count is asserted by Plaintiff Leonard Jackson only.

26.    This Count goes only against Defendant Pritchett.

5

27.     Pritchett was acting under the color of his authority in a manner which deprived Plaintiff of his constitutional right to substantive due process.  Such actions were arbitrary and/or shocking to conscience in the constitutional sense without any reasonable justification in the service of a legitimate governmental objective.  Such actions are in violation of Plaintiff's Fourteenth Amendment right and, therefore, Pritchett is liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

28.     The actions listed above represent a violation of Plaintiff's rights under the Fourteenth Amendment, *inter alia*, which have caused a physical, mental and emotional injury to Plaintiff in an amount to be determined by the jury.

29.     To the extent that the actions of any individual are deemed willful or deliberately indifferent, then punitive damages are available, and should be assessed against each such person.

## COUNT III
### Interference with Contractual Relationships

For the third cause of action, Plaintiffs incorporate all prior allegations and further alleges and states as follows:

30.     This Count is asserted by both Plaintiffs.

31.     This Count goes against Defendant Pritchett only.

32.     The acts above-described constitute unlawful interference with a contractual relationship.  Pritchett's actions were malicious and caused an actual harm to Plaintiffs' long-standing contractual relationship with Defendant City.  Pritchett had no justification, excuse, or privilege for such interference.

33.     As damages, Plaintiffs have suffered lost earnings, past and future, and other compensatory damages.

34.     Because the actions of the individually-named Defendant were willful, wanton

6

or, at the least, in reckless disregard of Plaintiffs' rights, Plaintiffs are entitled to punitive damages.

**COUNT IV**
**Defamation**

For the fourth cause of action, Plaintiff Jackson incorporates all prior allegations and further alleges and states as follows:

35.     This Count is asserted by Plaintiff Leonard Jackson only.

36.     This count goes against all Defendants.

37.     The matters alleged above constitute the tort of defamation in that the City of Enid, by and through its agent and employees, including but not limited to Toby Pritchett, published or communicated to a third party or parties statements which Defendant's agents and employees knew or should have known were untrue about Plaintiff Jackson's professional reputation. The defamatory statements about Plaintiff Jackson's professional reputation caused him harm.

38.     As a direct and proximate result of Defendants' actions, Plaintiff Jackson is entitled to all damages allowed by state law.

**COUNT V - 42 U.S.C. § 1983**
**Equal Protection**

For the fifth cause of action, Plaintiff Jackson incorporates all prior allegations and further alleges and states as follows:

39.     This Count is asserted by Plaintiff Leonard Jackson only.

40.     This Count goes to all Defendants.

41.     The Defendants, who have final policy-making authority, were acting under the color of their authority in a manner which deprived Plaintiff Jackson of his constitutional right to equal protection.  Further, such actions were representative of an official policy or

7

custom of Defendant City.  Such actions are in violation of Plaintiff Jackson's Fourteenth Amendment rights which were clearly established at the time of the actions in question. Therefore, the Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

42.     The actions listed above have caused a physical, mental and emotional injury to the Plaintiff in an amount to be determined by the jury.

43.     To the extent that the actions of any individual Defendant are deemed willful or deliberately indifferent, then punitive damages are available, and should be assessed against each such person.

## PRAYER

**WHEREFORE** Plaintiff respectfully prays that this Court enter judgment in favor of the Plaintiffs and against the Defendants and award compensatory damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this <u>27th</u> day of September, 2013.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA# 17844**
**LAUREN W. JOHNSTON, OBA # 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. WALKER**
**Oklahoma City, Oklahoma  73139**
**(405) 239-3800     (telephone)**
**(405) 239-3801     (facsimile)**
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**